BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-cv-1940 GEB/KJM |
| Plaintiff, | PLAINTIFF'S STATUS (PRETRIAL SCHEDULING) REPORT AND ORDER |
| v. | |
| REAL PROPERTY LOCATED AT 1 MILE UP HENNESSEY ROAD, BURNT RANCH, CALIFORNIA, TRINITY COUNTY, APN: 008-430-02, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | DATE: January 19, 2010 TIME: 9:00 a.m. COURTROOM: 10 |
| Defendant. | |

The plaintiff United States of America submits the following Joint Status (Pretrial Scheduling) Report.[1]

**a.   Service**:

The forfeiture complaint in rem was served on all individuals and entities believed to have an interest in the

---

[1] Plaintiff attempted to get claimant's counsel's input for this report. Attorney Lerman made some changes to an initial draft prepared by undersigned counsel, but as of the time this report was filed had not responded to changes proposed by undersigned counsel.

1                                      PLAINTIFF'S STATUS (PRETRIAL
                                       SCHEDULING) REPORT AND ORDER
                                                         (PROPOSED)

1  defendant property.  Specifically, Thomas Pickle and James Pickle
2  were served.  Thomas Pickle is the owner of record of the
3  defendant real property and was living in one of two residences
4  on the property.  James Pickle was living in a second residence.
5      In addition, in accordance with the Order for Publication
6  signed on July 16, 2009, by U.S. Magistrate Judge Drozd, notice
7  of this action was published on the official internet government
8  website, www.forfeiture.gov, for 30 consecutive days.  The
9  Declaration of Plaintiff was filed on September 21, 2009.
10     **b.    Possible joinder of additional parties**:
11     Plaintiff does not anticipate joining additional parties.
12     Claimant anticipates a joinder, through conservatorship
13 proceedings, of Thomas Pickle's wife. (See section e.) Plaintiff
14 will oppose any effort by any person to file a claim at this late
15 date.  "Thomas Pickle" is the only name that appears on the title
16 report for the defendant property and he is listed as "Thomas A.
17 Pickle, and unmarried man, as his sole and separate property."
18     **c.    Any expected or desired amendment of pleadings**:
19     None anticipated at this time.
20     **d.    Jurisdiction and venue**:
21     This Court has jurisdiction in this matter pursuant to 28
22 U.S.C. §§ 1345 and 1355.  This Court has venue pursuant to 28
23 U.S.C. § 1395.
24     **e.    Anticipated motions and suggested dates**:
25     On or before January 8, 2010, Plaintiff will be filing a
26 motion to strike the claim and answer filed by Thomas Pickle.
27 Plaintiff will notice the motion on the next date available on
28 the Court's calendar.  If the Court grants the motion, plaintiff

will move for a default judgment and final judgment of forfeiture. Accordingly, the plaintiff suggests that this case need not be scheduled at this time.

Thomas Pickle has been missing since July 2009, and his attorney believes he is dead. Mr. Pickle's last whereabouts was hiking in the mountains of Northern California. Counsel Editte Lerman was contacted on January 5, 2010, via phone message, by attorney Darren Wright, who is representing Erlinda Selma Pickle, Thomas Pickle's wife, in a conservatorship case involving Mr. Pickle's estate. Attorney Darren Wright stated that he was calling to talk about the forfeiture proceedings that are involved in the criminal case since they may involve the conservatorship estate and her estate. Accordingly, Claimant anticipates a joinder by Erlinda Selma Pickle.

Plaintiff does not have sufficient information to form an opinion as to whether Pickle is dead or is a fugitive. And as noted above, plaintiff will oppose any effort by anyone to file a claim at this late date.

   **f.   Anticipated and outstanding discovery**:

   (1)   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made:

   (2)   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues:

   (3)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure of the Local Rules, and what other limitations should be imposed:

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions.  See Fed.R.Civ.P. 26(a)(1)(B)(ii).

Rather than schedule this case at this time, plaintiff suggests that the status conference be continued 120 days to allow time for a hearing on the motion to strike and a ruling on the motion.  Claimant suggests that the status conference be continued 120 days to allow time for attorney Darren Wright to determine the ramifications of the conservatorship case involving Mr. Pickle's estate, and to file necessary motions accordingly.

**g.  Scheduling of future proceedings, including suggested timing of the disclosure of expert witnesses and information required by Rule 26(a)(2), completion dates for discovery and law and motion, and dates for final pretrial conference and trial:**

In light of the request to continue the status conference 120 days, plaintiff suggests that the case not be scheduled at this time.

**i.  Estimate of trial time:**

Plaintiff estimates that a trial of this matter would take no more than 3 days.

**j.  Appropriateness of special procedures:**

Not applicable.

**k.  Modification of standard pretrial procedures because of the relative simplicity or complexity of the action or proceedings:**

Not applicable.

**l.  Whether the case is related to any other case, including any matters in bankruptcy:**

This case is related to U.S. v. 17 Coon Creek Road, 2:09-cv-1937 GEB/KJM. A Notice of Related Cases was filed on July 17, 2009.

**m.   Prospects for settlement:**

None at this time. Plaintiff will move promptly for a clerk's default pursuant to Fed.R.Civ.P. 55(b)(1) against Thomas and James Pickle if the motion to strike the claim and answer is granted, and then will move for final judgment of forfeiture.

**n.   Any other matters that may add to the just and expeditious disposition of this matter**:

None.

DATED: January 6, 2010                    BENJAMIN B. WAGNER
                                          United States Attorney

                                    By:   /s/ Kristin S. Door
                                          KRISTIN S. DOOR
                                          Assistant U.S. Attorney

**ORDER**

For the reasons set forth above, the status conference now scheduled for January 19, 2010, is continued to May 24, 2010, at 9:00 a.m. A joint status report addressing the issues listed in the Court's July 16, 2009, Order Setting Status (Pretrial Scheduling) Conference shall be filed fourteen days prior to the hearing.

IT IS SO ORDERED.

Dated:   January 14, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge