IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | 2:09-cv-1940-GEB-KJM |
| v. | ) ) | ORDER GRANTING THE UNITED STATES' MOTION TO STRIKE |
| REAL PROPERTY LOCATED AT 1 MILE UP HENNESSEY ROAD, BURNT RANCH, CALIFORNIA, TRINITY COUNTY, APN: 008-430-02, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | ) ) ) ) ) ) ) | CLAIM AND ANSWER OF THOMAS PICKLE |
| Defendant. | ) ) | |

Plaintiff, the United States of America, filed a motion on January 7, 2010 under Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), in which it seeks an order striking the claim and answer filed by Thomas Pickle. The United States argues Pickle has not filed a verified claim as required under the Supplemental Rules, and therefore, he lacks standing as a claimant in this matter. Pickle has not filed an opposition. For the reasons stated below, the motion to strike Pickle's claim and answer is GRANTED.

## I. BACKGROUND

This case is an in rem forfeiture action brought by the United States against the real property located at 1 mile up Hennessey Road in Burnt Ranch, California (the "defendant real property"). The United States filed a verified complaint on July 16, 2009, in which it seeks to forfeit the defendant real property based on its allegations that the defendant real property was used or intended to be used to facilitate the distribution of marijuana in violation of 21 U.S.C. § 841 *et seq.* (Verified Compl. ¶¶ 4-9.) Thomas Pickle is the record owner of the defendant real property. (Id. ¶ 3.)

The United States gave Pickle direct notice of this action three ways. First, on July 16, 2009, the United States mailed a copy of the complaint and related documents to Pickle by certified mail. (Teglia Decl. ¶ 5.) A certified mail receipt for these documents was signed on July 20, 2009 by Selma Pickle. (Id.) Then, on July 30, 2009, the United States Marshal personally served Pickle with the complaint and related documents, including a notice of complaint, application and order for publication, lis pendens, and an order requiring joint status report. (Id.) Also on July 30, 2009, the United States Marshal posted a copy of the complaint and notice of complaint on Pickle's residence. (Id.) In addition, beginning on August 19, 2009, and continuing for at least thirty consecutive days, the United States published notice of the forfeiture action on the official federal government website, www.forfeiture.com. (Id. ¶ 6.) A declaration of publication was filed on September 21, 2009. (Id.)

On August 17, 2009, Pickle's attorney, Editte Lerman, filed a "Claim Against Real Property Subject to Forfeiture Action" on Pickle's behalf. Lerman verified the claim for Pickle, stating:

2

> This claim is verified by the attorney for the reason that the party is absent from the county where he or she has his or her office, while the attorney has read the claim and that he or she is informed and believes the matter therein to be true and on that ground alleges that the matters stated therein are true.

(Claim Against Real Property ¶ 2:20-24.) Lerman also verified the answer filed on September 9, 2009.

Assistant United States Attorney Kristin Door telephoned Lerman on or about August 19, 2009, and left a message with her receptionist, relaying that the claim filed was defective since it was not signed by Pickle. (Door Decl. ¶ 4.) Door then wrote a letter to Lerman, advising her of the claim's defect, and giving her until August 28, 2009 to file a properly verified claim. (Id. ¶ 5, Ex. 1.) On September 11, 2009, Door again telephoned Lerman's office and left another message with the receptionist concerning the defective claim. In addition, on September 30, 2009, Door sent Lerman an e-mail advising her that she would file a motion to strike the defective claim and answer if Lerman did not file a claim signed by Pickle. (Id. ¶ 7.)

On October 2, 2009, Lerman responded to Door's e-mail, relating that "Mr. Pickle is in somewhat of a 'pickle'" as "[p]rior to the filing of the complaint in the . . . forfeiture matter, Mr. Pickle went hiking in the mountains" and "has been missing since." (Id. ¶ 8, Ex. 3.) Lerman wrote that the Forest Service had found Pickle's vehicle in Del Norte County and that he might have been the victim of foul play. (Id.) Lerman concluded that Pickle was either "missing" or "on vacation in the mountain wilderness." (Id.)

Door responded by e-mail that same day, telling Lerman to keep her informed of Pickle's whereabouts and that she would not file

a motion to strike Pickle's claim for thirty days. (Id. ¶ 9.) As of January 6, 2010, Door had not heard further from Lerman. (Id. ¶ 10.)

## II. DISCUSSION

The United States argues that Pickle's claim is defective since he has not verified the claim as required by Supplemental Rule G(5)(a)(i). The United States contends that as a result of this defect, Pickle lacks standing as a claimant in this action and his claim and answer should be stricken.

The Supplemental Rules as well as the Federal Rules of Civil Procedure govern this action.[1] Supp. R. G(1). Supplemental Rule G(5) prescribes the requirements for filing a claim to contest a forfeiture action, providing: "The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) *be signed by the claimant under penalty of perjury*; and (D) be served on the government attorney . . . ." Supp. R. G(5)(a)(i)(emphasis added). Supplemental Rule G(8)(c)(i) allows the government to "move to strike a claim or answer" "at any time before trial" "for failure to comply with Rule G(5) . . . [or] because the claimant lacks standing."

A claimant seeking to contest a civil forfeiture must demonstrate both Article III and statutory standing. United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1148 (9th Cir. 1989). To establish statutory standing, the claimant must comply with the procedural requirements provided for in the Supplemental Rules. See United States v. Real Property Located In Fresno County, 135 F.3d

---

[1] Supplemental Rule G was adopted on December 1, 2006 to govern civil in rem forfeiture actions. Prior to the adoption of Supplemental Rule G, Supplemental Rule C(6) governed pleading requirements in civil in rem forfeiture actions.

1312, 1316-17 (9th Cir. 1998) (holding that failure to comply with Supplemental Rules precluded claimant from establishing standing in forfeiture action); see also United States v. $487,825.00 in U.S. Currency, 484 F.3d 662, 664 (3d Cir. 2007)("To establish statutory standing in a forfeiture case, the claimant must comply with the procedural requirements set forth in [Supplemental Rule G].") "The most significant requirement is that the claimant . . . timely file a verified statement of interest, as required by [Rule G(5)(a)(i))]." $487,825.000 in U.S. Currency, 484 F.3d at 664. "The requirement that the claimant file a timely verified statement serves two purposes. First, it forces claimants to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay. Second, it minimizes the danger of false claims by requiring claims to be verified or solemnly affirmed. For these reasons, the requirement is no mere procedural technicality." Id. at 664-65 (quotations and citations omitted); see also United States v. Commodity Account no. 549 54930, 219 F.3d 595, 597 (7th Cir. 2000)("[V]erification is an essential element of any claim because of the substantial danger of false claims." (quotations and citations omitted)). Therefore, "[i]f the claimant fails to file a verified claim, he will not have standing as a party to the action." United States v. 2001 Volkswagon Beetle, No. 1:07-CV-00300-OWW-GSA, 2008 WL 5120737 (E.D. Cal. Dec. 5, 2008)(citing United States v. One Dairy Farm, 918 F.2d 310, 311 (1st Cir. 1990)); United States v. Real Property Located in Merced County, No. 1:03-cv-6613-AWI-SMS, 2008 WL 706599, at *3 (E.D. Cal. Mar. 14, 2008)(stating that "[o]ne who does not file a verified claim pursuant to the Supplemental Rules lacks standing in the forfeiture action").

Further, when a claimant lacks standing due to his failure to file a verified claim, any answer filed may also be stricken. 2001 Volkswagon Beetle, 2008 WL 5120737, at *4 (striking answer where claimant failed to file a verified claim); Real Property Located in Merced County, 2008 WL 706599, at *3 (same); United States v. $11,918.00, No. 1:03-cv-05679, 2007 WL 3037307, at *6 (E.D. Cal. Oct. 17, 2007)("Granting a motion to strike an answer is appropriate for one who does not file a claim in compliance with the pertinent rules."); see also United States v. $38,570 in U.S. Currency, 950 F.2d 1108, 1112-15 (5th Cir. 1992)(answer was properly stricken where claimant filed an untimely claim).

Pickle received direct notice of the forfeiture action on July 30, 2009, at the latest, when the United States Marshal personally served him and posted a copy of the complaint at his residence. (Teglia Decl. ¶ 5.) Thereafter, on August 17, 2009, Pickle filed a claim through his attorney contesting the forfeiture of the defendant real property. However, Pickle did not sign the claim under penalty of perjury; rather, his attorney verified the claim on his behalf. Although Supplemental Rule C(6), which governed pleading requirements in civil forfeiture actions prior to December 1, 2006, provided that verification of a claim could be accomplished by a claimant's attorney under certain circumstances, Rule G(5)(a)(i)(C) does not allow for such verification. *Cf.* United States v. $100,348.00 in U.S. Currency, 354 F.3d 1110, 1118 (9th Cir. 2004)(noting that Supplemental Rule C(6) provides that "[i]f [a] claim is made on behalf of the person entitled to possession by an attorney, it shall state that the attorney is duly authorized to make the claim"); see also United States v. One Men's Rolex Masterpiece Watch,

6

No. 07-2508-STA-dkv, 2008 WL 2769368, at *1 n.2 (W.D. Tenn. July 11, 2008)(noting change in pleading requirements in Supplemental Rule G(a)(5)(i)(C) and striking claim and answer signed only by claimant's attorney). Since Pickle did not sign his claim under penalty of perjury, it does not comply with Supplemental Rule G(a)(5)(i)(C).

In her e-mail, Lerman suggests Pickle did not receive notice of this in rem forfeiture action before he "went hiking," but Pickle was personally served and received notice of this action on July 30, 2009. Lerman's e-mail did not state when she first became aware of Pickle's disappearance, and she failed to file an opposition to the motion or provide other information on the status or whereabouts of Pickle. Therefore, it is unknown when Pickle "went missing" or "on vacation," or whether he is still missing. Since Pickle has not filed a timely, verified claim in compliance with Supplemental Rule G(5)(i), and no good cause appears to excuse this failure, Pickle lacks standing to contest the forfeiture of the defendant real property. Accordingly, his claim and answer are stricken under Supplemental Rule G(8)(c)(i).

### III. CONCLUSION

For the stated reasons, the United States' motion to strike Pickle's claim and answer is GRANTED.

Dated: February 2, 2010

GARLAND E. BURRELL, JR.
United States District Judge