BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>REAL PROPERTY LOCATED AT 1 MILE UP HENNESSEY ROAD, BURNT RANCH, CALIFORNIA, TRINITY COUNTY, APN: 008-430-02, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>   Defendant. | 2:09-cv-1940 GEB/KJM<br><br>JOINT STATUS (PRETRIAL SCHEDULING) REPORT AND ORDER<br><br><br>DATE: May 24, 2010<br>TIME: 9:00 a.m.<br>COURTROOM: 10 |

The plaintiff United States of America and claimant Chase Home Finance LLC ("Chase") submit the following Joint Status (Pretrial Scheduling) Report.[1]

  **a. Service:**

The forfeiture complaint in rem was served on all individuals and entities believed to have an interest in the

---

[1] On February 3, 2010, this Court granted plaintiff's motion to strike the claim and answer filed on behalf of the sole owner of the property, Thomas Pickle.

defendant property. Specifically, Thomas Pickle, James Pickle, and Terry J. Williams were served. Thomas Pickle is the owner of record of the defendant real property and was living in one of two residences on the property. James Pickle was living in a second residence. Terry J. Williams was a cosigner on the promissory note Chase now holds.  Washington Mutual Bank, a lienholder, was also served. Claimant Chase is the successor in interest to Washington Mutual Bank's interest in the defendant property.

In addition, in accordance with the Order for Publication signed on July 16, 2009, by U.S. Magistrate Judge Drozd, notice of this action was published on the official internet government website, www.forfeiture.gov, for 30 consecutive days.  The Declaration of Plaintiff was filed on September 21, 2009.

The Clerk entered defaults against James Pickle and Terry J. Williams on January 15, 2010.  The Clerk entered Thomas Pickle's default on March 2, 2010, after the claim and answer filed on his behalf were stricken.

**b.   Possible joinder of additional parties:**

Plaintiff does not anticipate joining additional parties.

Chase is now a party to this action.  Chase is the beneficiary of a $60,000 promissory note signed by Thomas Pickle and Terry J. Williams on about December 12, 2003, and secured by a deed of trust recorded against the defendant property.

**c.   Any expected or desired amendment of pleadings:**

None anticipated at this time.

**d.   Jurisdiction and venue:**

This Court has jurisdiction in this matter pursuant to 28

U.S.C. §§ 1345 and 1355.  This Court has venue pursuant to 28 U.S.C. § 1395.

    **e.**    **Anticipated motions and suggested dates**:

The plaintiff will be filing a motion for default judgment against Thomas Pickle, James Pickle, and Terry J. Williams, and seeking a Final Judgment of Forfeiture forfeiting all right, title, and interest in the defendant property, subject to Chase's recorded lien.

    **f.**    **Anticipated and outstanding discovery**:

(1) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made:

(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues:

(3) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure of the Local Rules, and what other limitations should be imposed:

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions.  See Fed.R.Civ.P. 26(a)(1)(B)(ii).

No changes need to be made in the discovery limitations. The only discovery plaintiff will seek from Chase is a copy of the loan file for the Pickle/Williams loan.  Rather than schedule this case at this time, plaintiff suggests that the status conference be continued 120 days to allow time for Chase to produce the file, and for plaintiff to file a motion for default

judgment against Thomas Pickle, James Pickle, and Terry J. Williams.

**g.  Scheduling of future proceedings, including suggested timing of the disclosure of expert witnesses and information required by Rule 26(a)(2), completion dates for discovery and law and motion, and dates for final pretrial conference and trial:**

In light of the request to continue the status conference 120 days, plaintiff suggests that the case not be scheduled at this time.

**i.  Estimate of trial time:**

Plaintiff estimates that a trial of this matter would take no more than 3 days.

**j.  Appropriateness of special procedures:**

Not applicable.

**k.  Modification of standard pretrial procedures because of the relative simplicity or complexity of the action or proceedings:**

Not applicable.

**l.  Whether the case is related to any other case, including any matters in bankruptcy:**

This case is related to U.S. v. 17 Coon Creek Road, 2:09-cv-1937 GEB/KJM.  A Notice of Related Cases was filed on July 17, 2009.

**m.  Prospects for settlement:**

Assuming Chase's loan file demonstrates that Chase is an innocent lienholder within the meaning of the federal forfeiture statutes relating to innocent owners, plaintiff intends to pay Chase's lien from the proceeds of the sale of the defendant property after the United States obtains title.

    **n.   Any other matters that may add to the just and expeditious disposition of this matter:**

None.

DATED: May 5, 2010                         BENJAMIN B. WAGNER
                                           United States Attorney

                                    By:   /s/ Kristin S. Door
                                           KRISTIN S. DOOR
                                           Assistant U.S. Attorney


DATED: May 5, 2010                         ROUTH CRABTREE OLSEN, P.S.

                                    By:   /s/ Edward T. Weber
                                           (As authorized on 5/5/10)
                                           Edward T. Weber
                                           Attorneys for Chase
                                           Home Finance LLC

## ORDER

For the reasons set forth above, the status conference now scheduled for May 24, 2010, is continued to September 20, 2010, at 9:00 a.m.  A joint status report addressing the issues listed in the Court's July 16, 2009, Order Setting Status (Pretrial Scheduling) Conference shall be filed fourteen days prior to the hearing.

IT IS SO ORDERED.

Dated:  May 11, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge