IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED AT 1 MILE UP HENNESSEY ROAD, BURNT RANCH, CALIFORNIA, TRINITY COUNTY, APN: 008-430-02, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>    Defendant. | 2:09-cv-01940-GEB-GGH<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

The status (pretrial scheduling) conference scheduled for March 28, 2011, is vacated since the parties' Joint Status Report filed on March 14, 2011 ("JSR") indicates that the following Order should issue.

### DEFAULT PROCEEDINGS

Plaintiff states in the JSR:

> The Clerk entered defaults against James Pickle and Terry J. Williams on January 15, 2010. The Clerk entered Thomas Pickle's default on March 2, 2010, after the claim and answer filed on his behalf were stricken. As stated in footnote one, above, subsequent to entry of Thomas Pickles' default, Erlinda Thomas filed a claim asserting an interest against the property in her own right (based on "ownership") and on behalf of Thomas Pickle as his appointed conservator. Erlinda Thomas' claims raise potential standing issues as the default against Thomas Pickle has not been set aside, and with respect to her claim, it may be untimely and against real property that appears to have been held as Thomas Pickle's sole and separate property.

(ECF No. 37, 2:18-3:1.)

Plaintiff shall either file whatever document is required to prosecute this case as a default matter against Thomas Pickle, James Pickle and Terry Williams, or shall file a writing no later explaining its failure to do so, no later than 4:00 p.m. on April 29, 2011. If a hearing is requested on this show cause issue, it will be held on May 23, 2011, at 9:00 a.m.

## SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court for good cause shown.

## DISCOVERY

All discovery shall be completed by February 6, 2012. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or before October 3, 2011, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before November 17, 2011.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be April 2, 2012, at 9:00 a.m.[1]

---

[1] This time deadline does not apply to motions for continuances, (continued...)

Motions shall be filed in accordance with Local Rule 230(b). Opposition papers shall be filed in accordance with Local Rule 230(c). **Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.** Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

### FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for June 4, 2012, at 1:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

---

[1](...continued)
temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[2] The joint pretrial statement shall specify the issues for trial, including a description of each theory of liability and affirmative defense, and shall estimate the length of the trial.[3] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

TRIAL SETTING

Trial shall commence at 9:00 a.m. on September 11, 2012.

IT IS SO ORDERED.

Dated: March 23, 2011

GARLAND E. BURRELL, JR.
United States District Judge

---

[2] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[3] If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.

4