IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
United States of America,        )
                                 )    2:09-cv-1940-GEB-GGH
          Plaintiff,             )
                                 )
     v.                          )    ORDER DENYING MOTION TO SET
                                 )    ASIDE ENTRY OF DEFAULT*
Real Property located at 1 Mile  )
Up Hennessey Road, Burnt Ranch,  )
California, APN: 008-430-02,     )
James E. Pickle, Terry J.        )
Williams, and Thomas A. Pickle,

          Defendants.
_____
```

Erlinda Pickle (Mrs. Pickle), in her capacity as appointed Probate Conservator of Thomas A. Pickle (Mr. Pickle), moves to set aside the Clerk's entry of default against Mr. Pickle. Mrs. Pickle argues that the recent Ninth Circuit decision in <u>United States v. Signed Personal Check No. 730 of Yurban S. Mesle</u> ("<u>Mesle</u>"), 615 F.3d 1085 (9th Cir. 2010), warrants a finding that "good cause" exists for vacating the entry of default against Mr. Pickle. The government opposes the motion, arguing that notwithstanding the <u>Mesle</u> decision, Mrs. Pickle has not shown the existence of "good cause" justifying issuance of an order vacating the Clerk's entry of default.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) prescribes: "The court

---

\* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  may set aside an entry of default for good cause . . . ." Three factors
2  are considered when determining whether good cause exists justifying
3  issuance of an order vacating the Clerk's entry of default: (1) whether
4  the party seeking to set aside the entry of default engaged in culpable
5  conduct that led to the default; (2) whether the party seeking to set
6  aside the entry of default had no meritorious defense; or (3) whether
7  reopening the entry of default would prejudice the other party. Mesle,
8  615 F.3d at 1091. "The standard . . . is disjunctive, such that a
9  finding that any one of these factors is true is sufficient reason for
10 the district court to refuse to set aside the [entry of] default."
11 Mesle, 615 F.3d at 1091 (citing Franchise Holding II, LLC v. Huntington
12 Rests. Grp., Inc., 375 F.3d 922, 926 (9th Cir. 2004)). "[T]he party
13 seeking to [set aside the entry of default] bears the burden of
14 demonstrating that these factors favor [setting aside the entry of
15 default]." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th
16 Cir. 2001).

## II.  BACKGROUND

18         This is an *in rem* action brought by the United States against
19 Real Property located at 1 Mile Up Hennessey Road, Burnt Ranch, CA.
20 (Compl. ¶ 3.)  The government alleges in its Complaint that "[t]he
21 United States seeks to forfeit the defendant real property, including
22 any right, title and interest in the whole of any lot or tract of land
23 and any appurtenances or improvement thereon, on the grounds that said
24 real property was used or intended to be used, in any manner or part, to
25 commit, or to facilitate the commission of a violation of 21 U.S.C. §
26 841 *et seq.*, . . . and is therefore subject to forfeiture to the United
27 States pursuant to 21 U.S.C. § 881(a)(7)." Id. ¶ 4.
28         Mr. Pickle, who is the recorded owner of the defendant real

1  property, was personally served with the forfeiture complaint on July
2  30, 2009. (Notice of Process Receipt and Return, ECF No. 8.) Mr.
3  Pickle disappeared sometime after being personally served and his
4  whereabouts are unknown. (Mot. 3:17-18.)
5      Mr. Pickle's attorney, on Mr. Pickle's behalf, responded to
6  the government's complaint by filing a claim of interest in the property
7  and an answer to the government's complaint. (ECF Nos. 9, 14.) Mr.
8  Pickle's attorney also verified the claim and answer on behalf of Mr.
9  Pickle. Id. The government filed a motion to strike the claim and
10 answer of Thomas A. Pickle on the ground that Mr. Pickle failed to
11 personally verify his claim and answer, which was granted on February 3,
12 2010. (ECF No. 21.) On March 2, 2010, the Clerk entered default
13 against Mr. Pickle in this action. (ECF No. 23.)
14     On February 25, 2010, the Superior Court of California, County
15 of Trinity ("Superior Court") appointed Mrs. Pickle as Probate
16 Conservator for Mr. Pickle. (Mot. Ex. A.) Further, on July 12, 2010,
17 Mrs. Pickle received authorization from the Superior Court to proceed
18 with acting on Mr. Pickle's behalf in this case in her capacity as
19 Probate Conservator. (Mot. Ex. C.) On July 20, 2010, Mrs. Pickle filed
20 a claim and answer on behalf of Mr. Pickle. (See Claim in Civil
21 Forfeiture Case, ECF No. 31; Ans. to Compl., ECF No. 32.)

**III.   DISCUSSION**

**1.   Meritorious Defenses**

Mrs. Pickle argues that Mr. Pickle has two meritorious defenses against the present forfeiture action that justify setting aside the Clerk's entry of default: first, that probable cause did not exist for the search of the defendant property and therefore the search violated of the Fourth Amendment; and second, that requiring forfeiture

3

of the entire property constitutes an excessive fine proscribed by the Eighth Amendment. The government responds that Mrs. Pickle failed to present specific facts demonstrating a defense in this case.

"A defendant seeking to vacate [entry of] default . . . must present specific facts that would constitute a defense." TCI Group, 244 F.3d at 700. "[C]onclusory statements that a dispute exist[s]" or "mere general denials without facts to support [the defense are] not enough to justify vacating a default or default judgment." Franchise Holdings II, 375 F.3d at 926 (quotation omitted); see also Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970)(stating "[i]n an attempt to determine the meritorious nature of a defense, the trial court must have before it more than mere allegations that a defense exists").

### A. Lack of Probable Cause in Violation of the Fourth Amendment

Mrs. Pickle supports the Fourth Amendment defense with the following allegations:

> [A]s will be developed at the evidentiary hearing on claimants anticipated motion to suppress evidence, claimants will establish probable cause did not exist within the four corners of the affidavit for the search of the residence. Thus, the 18 pounds of marijuana, packaging materials, multiple weapons, and currency found in claimant's residence will be suppressed, and cannot be used in these forfeiture proceedings.

These conclusory allegations are insufficient to support this defense; therefore, this purported defense does not support granting the motion to set aside the entry of default.

### B. Excessive Fine in Violation of the Eighth Amendment

Mrs. Pickle supports the Eighth Amendment defense with the following allegations:

> First, the value of the house at the time of its seizure was several hundred thousand dollars. Second, it is the family residence. Third, not having the family home to live in is a substantial

4

> hardship on Mr. Pickle should he reappear.
> Should the Court grant the motion to suppress evidence, there will be no evidence of culpability on the part of Mr. Pickle in the activities alleged in the complaint for forfeiture and forfeiture of the entire residence would be excessive.

The portion of this defense which relies on conclusory allegations about the legality of the search is insufficient to justify granting the motion. Nor has Mrs. Pickle's remaining conclusory allegations shown that a meritorious Eighth Amendment defense exists since the property is subject to forfeiture under Title 21 U.S.C. § 881(a)(7), which prescribes: "The following shall be subject to forfeiture to the United States and no property right shall exist in them . . . [a]ll real property . . . used . . . to commit, or facilitate the commission of, a violation of [21 U.S.C. § 841 *et seq*.]." Therefore, this defense does not support granting the motion to set aside the entry of default.

## 2. Prejudice

Mrs. Pickle also makes a conclusory, one paragraph argument that the government would not suffer prejudice if the entry of default against Mr. Pickle was set aside. The government counters that Mr. Pickle's disappearance will result in prejudicial loss of evidence and increased difficulties in discovery.

"To be prejudicial, the setting aside of a[n entry of] default must result in greater harm than simply delaying resolution of the case." TCI Group, 244 F.3d at 701. "[T]he standard is whether the plaintiff's ability to pursue his claim will be hindered." Id. (quoting Falk, 739 F.2d at 463). "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Id. (citation omitted).

The government is no longer able to pursue its claim against

5

Mr. Pickle due to his disappearance.  Further, Mrs. Pickle's conclusory assertion that setting aside the entry of default would do nothing more than delay resolution of the case is insufficient to justify granting her motion.  Therefore, the prejudice to the government supports denying the motion to set aside the entry of default.

## IV.  CONCLUSION

For the stated reasons, the motion to set aside the clerk's entry of default against Mr. Pickle is denied.

Dated:  September 21, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge