1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814-2322
4  Telephone: (916) 554-2700

5  United States of America

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        ) 2:09-CV-01940-GEB-GGH
                                    )
12         Plaintiff,                ) FINAL JUDGMENT OF FORFEITURE
                                    )
13                                   )
       v.                           )
14                                   )
   REAL PROPERTY LOCATED AT 1 MILE  )
15 UP HENNESSEY ROAD, BURNT RANCH,  )
   CALIFORNIA, TRINITY COUNTY,      )
16 APN: 008-430-02, INCLUDING       )
   ALL APPURTENANCES AND            )
17 IMPROVEMENTS THERETO,            )
                                    )
18         Defendant.                )
   _____)
19

20      Pursuant to the Stipulation for Final Judgment of

21 Forfeiture, the Court finds:

22      1.  This is a civil forfeiture action against the following

23 real property located at 1 Mile Up Hennessey Road, Burnt Ranch,

24 California, Trinity County, APN: 008-430-02, (hereafter referred

25 to as the "defendant property") and more fully described as:

26      That real property situated in the County of Trinity,
        State of California, described as follows:
27
        A portion of the Northwest quarter of the Southwest
28      quarter of Section 10, Township 5 North, Range 6 East,

1 | H.M., according to the official plat thereof and particularly described as:

Commencing at the Northeast corner of the Southeast quarter of the Southeast quarter of Section 9, Township 5 North, Range 6 East, H.M., the same being the Northeast corner of the John T. Butler property, running thence due East 431 feet, slope distance, to a point which said point is Corner No. 1 of the property herein to be described; running thence due North 313 feet to a point; and running thence due East 418 feet to a point; and running thence due South 313 feet to a point; and running thence due West 418 feet to the point of beginning.

EXCEPTING THEREFROM any portion lying outside of the Northwest quarter of the Southeast quarter of Section 10, Township 5 North, Range 6 East, M.B.&M.

APN: 008-430-02

2.  A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on July 16, 2009, alleging that said defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).  Doc #1.

3.  On July 30, 2009, the defendant property was posted with a copy of the Complaint and Notice of Complaint.  Doc #7.

4.  Beginning on August 19, 2009, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on September 21, 2009.  Doc #15.

5.  In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

    a.  Thomas A. Pickle

    b.  James E. Pickle

      c.   Terry J. Williams

      d.   JP Morgan Chase Bank

6.   On August 17, 2009, a claim was filed on behalf of Thomas A. Pickle alleging an interest in the defendant property. On September 9, 2009, an answer to the complaint was filed on behalf of Thomas A. Pickle.[1]  Doc #9.

7.   On January 15, 2010, the Clerk of the Court entered a Clerk's Certificate of Entry of Default against James E. Pickle and Terry J. Williams.  Doc #20.

8.   On April 30, 2010, Chase filed a claim alleging an interest in the defendant property.  Doc #24.

9.   On June 16, 2010, claimant Erlinda Pickle filed a claim and answer alleging an interest in the defendant property.  Doc #29.

10.  On July 20, 2010, claimant Erlinda Pickle, as Probate Conservator of Thomas A. Pickle, filed a claim and answer alleging an interest in the defendant property.  Doc #31.

11.  No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.   The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

---

[1] The Claim Against Real Property Subject to Forfeiture Action on August 17, 2009 and the Answer to Verified Complaint for Forfeiture In Rem; Demand for Jury Trial filed on September 9, 2009, both filed on behalf of Thomas A. Pickle, were withdrawn on February 15, 2012.  ECF No. 70.

2.   Judgment is hereby entered against claimant Erlinda Pickle, as Probate Conservator of Thomas A. Pickle, claimant Chase Home Finance, LLC, and all other potential claimants who have not filed claims in this action.

3.   Within one hundred and eighty (180) days of the entry of Final Judgment of Forfeiture, Claimant Erlinda Pickle shall send a cashier's check for $80,000.00 made payable to the U.S. Marshals Service to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.  All right, title, and interest in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7).

4.   Within thirty (30) days of full payment of the settlement amount, the United States shall record a withdrawal of lis pendens against the defendant property.  It is anticipated Claimant Erlinda Pickle will obtain financing to meet the financial obligations set forth in subparagraph 13(a).  Should such financing be obtained, the United States submit a withdrawal of lis pendens into escrow with the understanding said withdrawal of lis pendens will be recorded concurrently with the payment of $80,000.00 to the United States Marshals Service.

5.   If payment in full is not made within one hundred and eighty (180) days of the entry of Final Judgment of Forfeiture, Claimant Erlinda Pickle will be deemed to be in default of the Stipulation for Final Judgment of Forfeiture and the U.S. Marshals Service shall be authorized to sell the defendant property, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.  Through the sale of

1 the defendant property, the United States shall receive the net
2 proceeds up to $80,000.00, less payments for costs of selling the
3 property, cleanup, other expenses incurred, and any legitimate
4 liens that exist on the defendant property.  Erlinda Pickle,
5 individually, in her capacity as Conservator of the Estate of
6 Thomas A. Pickle, shall receive all remaining amounts after the
7 United States' interest, payment of costs of sale, legitimate
8 liens, and costs incurred by the U.S. Marshals Service.

9     6.   The United States and its servants, agents, and
10 employees and all other public entities, their servants, agents,
11 and employees, are released from any and all liability arising
12 out of or in any way connected with the filing of the Complaint
13 and the posting of the defendant real property with the Complaint
14 and Notice of Complaint.  This is a full and final release
15 applying to all unknown and unanticipated injuries, and/or
16 damages arising out of the filing of the Complaint and the
17 posting of the defendant real property with the Complaint and
18 Notice of Complaint, as well as to those now known or disclosed.
19 Claimant waived the provisions of California Civil Code § 1542.

20     7.   There was reasonable cause for the posting of the
21 defendant property and the commencement and prosecution of this
22 forfeiture action, and the Court may enter a Certificate of
23 Reasonable Cause pursuant to 28 U.S.C. § 2465.

24     8.   Nothing in this settlement shall be construed to impair
25 any rights claimant Chase Home Finance, LLC has under the
26 promissory note and deed of trust that is the basis for its claim
27 in this action.

28     9.   All parties will bear their own costs and attorneys'

fees, if any.

    10.  The U.S. District Court for the Eastern District of California shall retain jurisdiction to enforce the terms of the Final Judgment of Forfeiture.

Dated: April 11, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

## CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint filed July 16, 2009, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for posting of the defendant real property, and for the commencement and prosecution of this forfeiture action.

Dated: April 11, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge